UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

MARK EUGENE HATCHER,

        Plaintiff,

v.                                      Case No. 3:25-cv-1102-MMH-MCR

DANIEL WILLIAM CARDENAS,
et al.,

        Defendants.
_____

## ORDER OF DISMISSAL WITHOUT PREJUDICE

Plaintiff, Mark Eugene Hatcher, an inmate of the Florida penal system, is proceeding on a pro se Civil Rights Complaint under 42 U.S.C. § 1983 (Doc. 1; Complaint). He also filed a request to proceed as a pauper (Doc. 2). In the Complaint, Hatcher names the following individuals as Defendants in their individual and official capacities: (1) Daniel William Cardenas, Assistant State Attorney; (2) Lisa Haskins Carter, Assistant Public Defender; (3) Mark R. Ambrose, Jr., JSO Officer/Deputy; and (4) Michael Eckhart, State Attorney. See Complaint at 2-3. He asserts that Defendants violated his right to a speedy and public trial, exposed him to cruel and unusual punishment, and denied him due process. See id. at 3. He asks the Court to "expunge" his conviction,

file criminal charges against Defendant Ambrose, and award him $2 million. Id. at 5.

The Prison Litigation Reform Act (PLRA) requires the Court to dismiss this case at any time if the Court determines that the action is frivolous, malicious, fails to state a claim upon which relief can be granted or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B). As to whether a complaint "fails to state a claim on which relief may be granted," the language of the PLRA mirrors the language of Rule 12(b)(6), Federal Rules of Civil Procedure, and therefore courts apply the same standard in both contexts.[1] Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997); see also Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) the defendant deprived him of a right secured under the United States Constitution or federal law, and (2) such deprivation occurred under color of state law. Salvato v. Miley, 790 F.3d 1286, 1295 (11th Cir. 2015); Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011) (per curiam) (citation omitted);

---

[1] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

2

Richardson v. Johnson, 598 F.3d 734, 737 (11th Cir. 2010) (per curiam) (citations omitted). Moreover, under Eleventh Circuit precedent, to prevail in a § 1983 action, a plaintiff must show "an affirmative causal connection between the official's acts or omissions and the alleged constitutional deprivation." Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986) (citation omitted); Porter v. White, 483 F.3d 1294, 1306 n.10 (11th Cir. 2007).

Under the Federal Rules of Civil Procedure, a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. (8)(a)(2). In addition, all reasonable inferences should be drawn in favor of the plaintiff. See Randall v. Scott, 610 F.3d 701, 705 (11th Cir. 2010). Nonetheless, the plaintiff still must meet some minimal pleading requirements. Jackson v. BellSouth Telecomm., 372 F.3d 1250, 1262-63 (11th Cir. 2004) (citations omitted). Indeed, while "[s]pecific facts are not necessary[,]" the complaint should "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (per curiam) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Further, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). While not required to include detailed factual allegations, a complaint must allege "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id.

A "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" Twombly, 550 U.S. at 555 (alternation and internal quotations omitted); see also Jackson, 372 F.3d at 1262 (explaining that "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal") (internal citation and quotations omitted). Indeed, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions[,]" which simply "are not entitled to [an] assumption of truth." Iqbal, 556 U.S. at 678, 679. In the absence of well-pled facts suggesting a federal constitutional deprivation or violation of a federal right, a plaintiff cannot sustain a cause of action against the defendant.

In assessing the Complaint, the Court must read Hatcher's pro se allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Bingham, 654 F.3d at 1175. And, while "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed," Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th

4

Cir. 1998), "'this leniency does not give a court license to serve as de facto counsel for a party or to rewrite an otherwise deficient pleading in order to sustain an action.'" Alford v. Consol. Gov't of Columbus, Ga., 438 F. App'x 837, 839 (11th Cir. 2011)[2] (quoting GJR Invs., Inc. v. Cnty. of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998) (internal citation omitted), overruled in part on other grounds as recognized in Randall, 610 F.3d at 709).

Here, Hatcher's Complaint is due to be dismissed under this Court's screening obligation. With respect to the relief requested, Hatcher is advised that he cannot initiate criminal charges against a person, because "a private citizen has no judicially cognizable interest in the prosecution or non-prosecution of another." Otero v. U.S. Atty. Gen., 832 F.2d 141, 141 (11th Cir. 1987) (citing Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973)). Additionally, to the extent Hatcher seeks to have his criminal conviction "expunged," such relief is unavailable in a § 1983 civil rights case. Indeed, "'if the relief sought by the inmate would either invalidate his conviction or sentence or change the nature or duration of his sentence, the inmate's claim must be raised in a §

---

[2] The Court does not rely on unpublished opinions as binding precedent; however, they may be cited in this Order when the Court finds them persuasive on a particular point. See McNamara v. GEICO, 30 F.4th 1055, 1060-61 (11th Cir. 2022); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36-2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

2254 habeas petition, not a § 1983 civil rights action.'" Boyd v. Warden, Holman Corr. Facility, 856 F.3d 853, 865 (11th Cir. 2017) (quoting Hutcherson v. Riley, 468 F.3d 750, 754 (11h Cir. 2006)). Thus, any challenge to Hatcher's conviction and sentence may be raised in a petition for writ of habeas corpus under 28 U.S.C. § 2254.

Moreover, it is unclear who Hatcher seeks to name as Defendants in this case. In addition to the Defendants listed above, in the caption of the Complaint, Hatcher lists the State of Florida and two state court judges: Adrian Soud and Lindsey Tygart. However, the Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. It is well-settled that, in the absence of consent, "a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment." Papasan v. Allain, 478 U.S. 265, 276 (1986) (quotation omitted). The Eleventh Amendment also prohibits suits against state officials where the state is the real party in interest, such that a plaintiff could not sue to have a state officer pay funds directly from the state treasury for the wrongful acts of the state. Summit Med. Assocs., P.C. v. Pryor, 180 F.3d 1326, 1336 (11th Cir. 1999).

The Eleventh Circuit has noted:

> It is clear that Congress did not intend to abrogate a state's eleventh amendment immunity in section 1983 damage suits. Quern v. Jordan, 440 U.S. 332, 340-45 (1979). Furthermore, after reviewing specific provisions of the Florida statutes, we recently concluded that Florida's limited waiver of sovereign immunity was not intended to encompass section 1983 suits for damages. See Gamble v. Fla. Dep't of Health & Rehab. Serv., 779 F.2d 1509, 1513-20 (11th Cir. 1986).

Zatler, 802 F.2d at 400 (internal quotations modified). Thus, insofar as Hatcher seeks monetary damages from the State of Florida or the state court judges in their official capacities,[3] the Eleventh Amendment bars suit.

Similarly, judges are absolutely immune from damages for those acts taken while they are acting in their judicial capacity, provided such acts are not done in clear absence of all jurisdiction. Bolin v. Story, 225 F.3d 1234, 1239 (11th Cir. 2000); Simmons v. Conger, 86 F.3d 1080, 1084-85 (11th Cir. 1996). This immunity applies even if the judge's acts were in error, were malicious, or were in excess of his or her jurisdiction. Stump v. Sparkman, 435 U.S. 349, 356 (1978). As such, the Court finds that insofar as Hatcher seeks monetary damages from Judges Soud and Tygart in their individual capacities based on

---

[3] A Florida judge in their official capacity is an arm of the State of Florida. See Badillo v. Thorpe, 158 F. App'x 208, 213-14 (11th Cir. 2005).

their actions taken during his state court criminal proceeding, such claims are due to be dismissed.

Likewise, prosecutors, such as Defendants Cardenas and Eckhart, are "entitled to absolute immunity from damages for acts or omissions associated with the judicial process, in particular, those taken in initiating a prosecution and in presenting the government's case." Bolin, 225 F.3d at 1242 (citing Imbler v. Pachtman, 424 U.S. 409, 430-31 (1976); Jones v. Cannon, 174 F.3d 1271, 1281 (11th Cir. 1999); Fullman v. Graddick, 739 F.2d 553, 558-59 (11th Cir. 1984)). And to the extent Hatcher is trying to raise a malicious prosecution claim against Defendants, he fails to allege facts to state a plausible claim for relief. See, e.g., Manners v. Cannella, 891 F.3d 959, 975 (11th Cir. 2018) (outlining the elements of a malicious prosecution claim, which include showing that the criminal prosecution "terminated in the plaintiff accused's favor").

Moreover, Hatcher cannot sue Defendant Carter under § 1983, because "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." Polk Cnty. v. Dodson, 454 U.S. 312, 325 (1981); see Medina v. Minerva, 907 F. Supp. 379, 382 (M.D. Fla. 1995) ("[P]ublic defenders and their assistants generally do not act under color of state law when representing

indigent defendants in criminal proceedings, and therefore cannot normally be sued in a section 1983 case for actions arising out of such representation."). Thus, Hatcher fails to state a plausible § 1983 claim for relief against Carter.

Finally, with respect to Defendant Ambrose, Hatcher alleges that Ambrose "put his hands on" him apparently during Hatcher's arrest. Complaint at 5; see id. at 6 (noting that "the assault" occurred "at the time of [Hatcher's] arrest"). But this barebones allegation is insufficient to state a claim of constitutional dimension. Arrests inherently involve some use of force. See Vinyard v. Wilson, 311 F.3d 1340, 1347 (11th Cir. 2002). Nevertheless, Hatcher fails to provide any allegations that the force used was "objectively [un]reasonable." Jones v. Ceinski, 136 F.4th 1057, 1062 (11th Cir. 2025).

In light of the foregoing, this case will be dismissed without prejudice for Hatcher's failure to state a claim. Hatcher may refile his claims under 42 U.S.C. § 1983 with factual allegations sufficient to support a claim for relief if he elects to do so. Notably, pro se litigants are subject to the same law and rules of court that govern other litigants who are represented by counsel. See Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989). All filings with the Court must be made in accordance with the Federal Rules of Civil Procedure and this Court's Local Rules.

Accordingly, it is

**ORDERED**:

1.   This case is **DISMISSED without prejudice**.

2.   The **Clerk of Court** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

3.   The **Clerk of Court** shall send Hatcher a civil rights complaint form and an application to proceed in forma pauperis (prisoner filings) form. If Hatcher chooses to refile his claims, he may complete and file the appropriate forms. He should not include this case number on any form, as the Clerk will assign a new case number upon receipt. In initiating such a case, Hatcher should either file a fully completed application to proceed in forma pauperis or pay the $405 filing fee.

**DONE AND ORDERED** at Jacksonville, Florida, this 23rd day of September, 2025.

*[signature: Marcia Morales Howard]*

MARCIA MORALES HOWARD
United States District Judge

JAX-3 9/22
c:
Mark Eugene Hatcher, #133180